IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| K.F., a minor, | § | |
| by next of kin MARY RUFFIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1306 |
| | § | |
| HOUSTON INDEPENDENT | § | |
| SCHOOL DISTRICT, *at al.* | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

Mary Ruffin ("Ruffin") has brought this lawsuit as a *pro se* litigant on behalf of her minor son K.F. ("Plaintiff"). Plaintiff sues Defendants Houston Independent School District ("HISD") and ABC East under the Individuals With Disabilities Education Act, 20 U.S.C. § 1400 ("IDEA"), the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("§ 504"), and 42 U.S.C. § 1983 ("§ 1983"). Defendants have filed separate Motions to Dismiss, each arguing *inter alia* that Ruffin may not represent Plaintiff in this lawsuit because Ruffin is not a licensed attorney.[1] Having considered all matters of record and applicable legal authorities, the Court concludes that Defendants' Motions to Dismiss should be **granted**.

---

[1]     *See* HISD's Motion to Dismiss [Doc. # 7], at 2–3; ABC East's Motion to Dismiss [Doc. # 21], at 4–5

The Fifth Circuit has not squarely addressed the related issues at bar—whether a parent *pro se* can represent her child in federal court in a lawsuit brought under the IDEA, § 504, and § 1983. The Fifth Circuit has held, however, that individuals who do not have a law license may not represent other parties in federal court, even on a "next friend" basis. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (finding that "individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law"); *see also Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (holding that an individual who is not admitted to practice law is "not authorized to appear in any court to represent a third party").

Other circuits that have considered the issue have uniformly prohibited a non-attorney parent from representing a child for the claims such as those asserted in this lawsuit (the IDEA, § 504, and § 1983).[2] The Fifth Circuit has not explicitly adopted this rule as to the claims Ruffin asserts here, but has endorsed the principle that a "non-attorney parent cannot appear *pro se* on behalf of a minor child." *See Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000) (citing *Devine v. Indian River County Sch.*

---

[2] *See, e.g., Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284–286 (2d Cir. 2005) (non-attorney parents may not represent their children for claims brought under IDEA, § 504, and § 1983); *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755–756 (6th Cir. 2005) (non-attorney may not represent child in IDEA case); *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (non-attorney-parent cannot represent child in § 1983 lawsuit); *Navin v. Park Ridge Sch. Dist.64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (non-attorney parent had no authority to represent child in IDEA lawsuit); *Collinsgru v. Palmyra Bd. of Educ.*, 231-32 (3d Cir. 1998) (non-attorney may not represent child in IDEA lawsuit); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (non-lawyer parent cannot represent child in civil rights case).

*Bd.*, 121 F.3d 576 (11th Cir. 1997); *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997); *OseiAfriyie v. Medical College of Pa.*, 937 F.2d 876 (3rd Cir. 1991); *Meeker v. Kercher*, 782 F.2d 153 (10th Cir. 1986)). Although the Fifth Circuit ultimately held in *Harris* that a "non-attorney parent [is] permitted to sustain a *pro se* action on behalf of a minor child in [Social Security] appeals," it distinguished those cases from others, thus indicating that a non-attorney's representation of a child was prohibited for other types of claims. *See Harris*, 209 F.3d at 417. Ruffin accordingly may not represent Plaintiff in this IDEA, § 504, and § 1983 lawsuit.[3]

This ruling is not a surprise to Ruffin. At the initial pretrial conference on June 16, 2006, the Court explained this principle and warned Ruffin that the case would be dismissed without prejudice if she did not obtain counsel for Plaintiff within sixty days thereafter. No attorney has made an appearance for Plaintiff and the deadline has passed. It is hereby

**ORDERED** that Defendant Houston Independent School District's Motion to Dismiss [Doc. # 7] is **GRANTED.** It is further

---

[3] Because he is a minor, Plaintiff cannot proceed in this action *pro se*. Federal Rule of Civil Procedure 17 states that the "capacity to sue or be sued shall be determined by the law of the state in which the district is held." Under Texas decisional law, a minor cannot bring a cause of action on her own behalf unless her disability of minority has been removed. *Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). There has been no showing that Plaintiff is not a minor.

**ORDERED** that Defendant ABC East's Motion to Dismiss [Doc. # 21] is **GRANTED.** It is further

**ORDERED** that all claims in this lawsuit asserted by Plaintiff K.F. against Defendants Houston Independent School District and ABC East are **DISMISSED without prejudice**.  The Court will issue a separate final order of dismissal.

**SIGNED** at Houston, Texas, this **23rd** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge